**Benjamin Friedman, Esquire**
**NJ Attorney I.D.: 022461989**
**Law Offices of Ben Friedman**
**One Greentree Centre**
**10000 Lincoln Drive East, Suite 201**
**Marlton, NJ 08053**
**856-719-6600**
bfriedman@benfriedmanlaw.com
**Attorney for Plaintiff, Karen Krankowski**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY



| | |
|---|---|
| KAREN KRANKOWSKI ) | |
| ) | |
| Plaintiff, ) | |
| ) CIVIL ACTION NO. | |
| v. ) | |
| ) | |
| AMERISOURCEBERGEN ) | |
| CORPORATION, ) **COMPLAINT** | |
| ) | |
| Defendant. ) | |

### INTRODUCTORY STATEMENT

Plaintiff brings this action under the Civil Rights Act of 1866, 42 U.S. Code § 1981 and under the New Jersey Law Against Discrimination against Defendant, AmerisourceBergen, Plaintiff's former employer to remedy discrimination against her on account of her gender and age.

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. 1332, this Court has original jurisdiction over this matter as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

1

2. Pursuant to 28 U.S.C. 1331, this Court has subject matter jurisdiction over this matter as it arises under the Civil Rights Act of 1866, 42 U.S.C. 1981.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391 in that a substantial part of the events giving rise to the plaintiffs claim occurred in this District.

4. Moreover, this Court can assert personal jurisdiction over defendant in that defendant does substantial business in the State of New Jersey.

## PARTIES

5. The defendant is a Corporation in the principle business of manufacturing and selling pharmaceuticals with its headquarters located at 1300 Morris Drive, Chesterbrook, Pennsylvania, that location also serves as the Corporate nerve center of the defendant.

6. The plaintiff is an individual with her residence located at 5 Whitney Lane, Lumberton, New Jersey.

## STATEMENT OF FACTS

7. Plaintiff was originally hired by defendant on or about March 19, 2018. Plaintiff's job duties were to sell pharmaceuticals to pharmacies. While being trained for her position, plaintiff was told that while she was on the computer and speaking with customers, a price would show on the computer screen indicating how low plaintiff could negotiate the price.

8. After training, that computer screen price did in fact appear on plaintiff's screen and was utilized by plaintiff to negotiate price.

9. Plaintiff was very good at her position and had string sale numbers and as a result was due a substantial bonus.

10. Plaintiff, however, received far less than she calculated due and was told by defendant's management that she had misused her ability to negotiate and had skewed the numbers and was due far less than she calculated.

11. Plaintiff was terminated shortly thereafter and received none of her earned commissions.

12. Defendant fostered an atmosphere of hiring and utilizing young attractive women for its sales positions. Plaintiff is 55 years of age. . In addition, the defendant has a strong male dominant corporate atmosphere and men who have made similar strategic negotiating strategies as plaintiff are not terminated but simply corrected. Plaintiff was treated in a disparate manner based on her sex and age.

## COUNT ONE

## BREACH OF CONTRACT

13. Plaintiff repeats and incorporates the preceding paragraphs as if fully stated herein.

14. Plaintiff entered into a contract pursuant to her employment with defendant. As part of that contract Plaintiff was to be reimbursed based on the dollar amount of her sales.

15. Plaintiff performed in regard to her responsibilities under the contract and was due certain bonuses based on sales she generated.

16. Despite plaintiff's performance, defendant has refused to pay plaintiff her bonuses thereby breaching the contract between the parties.

17. As a direct and proximate and foreseeable result of defendant's breach of contract, plaintiff has been denied compensation due to her.

3

**WHEREFORE**, Plaintiff demands judgment in her favor together with costs, attorney fees, and other amounts as the court deems just.

## COUNT TWO

## GENDER DISCRIMINATION UNDER THE NJLAD

18. Plaintiff repeats and incorporates the preceding paragraphs as if fully stated herein.

19. Plaintiff was treated in a disparate manner by defendant based solely on her gender.

20. When plaintiff learned she was denied bonus money due she engaged in a spirited and well thought out discussion with management regarding the amount due. As a result of objecting, plaintiff was terminated from her employment.

21. In plaintiff's experience at defendants place of business, men who engaged in discussions supporting their own financial compensation ,those men, were listened to and engaged in a respectful and polite manner.

22. Defendant fosters a corporate mentality that encourages women to accept what they are told without objection and plaintiff's dismissal was disparate treatment based solely on her gender.

## COUNT THREE

## AGE DISCRIMINATION UNDER THE NJLAD

23. Plaintiff is 55 years old and therefore is in a protected class both under the U.S. Constitution as well as the NJLAD.

24. The overwhelming number of female employees at the defendant's place of business is young, attractive women who are assigned to the sales force.

4

25. Plaintiff's termination was based on her middle age status and provided defendant with an opportunity to replace plaintiff with a younger woman.

26. Plaintiff was treated in a hostile and disparate manner unlike the treatment of younger employees.

## COUNT 4

### HOSTILE WORK ENVIRONMENT

27. Plaintiff repeats and incorporates the preceding paragraphs as if fully stated herein.

28. Plaintiff was subjected to a hostile work environment based on age and gender discrimination.

29. Plaintiff was not permitted to enunciate her position regarding underpayment of her bonus; plaintiff was accused of "cooking the books" while in fact she was acting within pricing parameters approved by her superiors.

30. The hostilities directed as plaintiff for her actions including termination were disparate, based on gender and age, as well as being discriminatory.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff demands judgment against the Defendant and requests the following relief:

a. Order that Defendant reinstate Plaintiff to her position of Sales.

b. Order that Defendant make Plaintiff whole for all losses that Plaintiff has suffered and will suffer in terms of lost wages, benefits, insurance and pension coverage, and any other fringe benefits of employment.

c. Award Plaintiff compensatory damages for the injuries, including emotional distress, he has suffered as a result of Defendant's discrimination against Plaintiff.

d. Award Plaintiff punitive damages for Defendant deliberate and willful discrimination against Plaintiff.

e. Award Plaintiff's attorneys' fees and costs incurred by the need to bring this litigation; and

f. Grant Plaintiff such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

DATED:_____               /s/ **BENJAMIN FRIEDMAN**
                                      Benjamin Friedman, Esq.
                                      10,000 Lincoln Drive East, Suite 201
                                      Marlton, NJ 08053
                                      (856) 719-6600