JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAREN KRANKOWSKI, <br><br>    Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN CORPORATION, <br><br>    Defendant. | Civil Action No: 1:18-cv-13819-NLH-KMW <br><br> **ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendant, AmerisourceBergen Corporation ("Defendant"), through its attorneys, Jackson Lewis P.C., for its answer to the amended complaint, states as follows:

### INTRODUCTORY STATEMENT

This paragraph is a statement of legal claims, not factual assertions, to which no response is required. To the extent a response is required, Defendant denies any liability.

### JURISDICTION AND VENUE

1. This paragraph is a statement of legal claims, not factual assertions, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

2. This paragraph is a statement of legal claims, not factual assertions, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

3. This paragraph is a statement of legal claims, not factual assertions, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

4. This paragraph is a statement of legal claims, not factual assertions, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

**PARTIES**

5. Defendant denies that its principle business is manufacturing pharmaceuticals. Defendant denies that it is incorporated in the State of Pennsylvania. Defendant admits the remaining allegations contained in paragraph 5 of the Amended Complaint.

6. Upon information and belief, Defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

**STATEMENT OF FACTS**

7. Defendant admits only that Plaintiff was hired on March 19, 2018 as an Inside Sales Representative. Defendant denies the remaining allegations contained in paragraph 7 of the Amended Complaint.

8. Defendant admits Plaintiff negotiated lower prices on negotiated accounts after specifically being instructed not to do so.

9. Defendant denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Amended Complaint.

2

12. Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

## COUNT ONE

## BREACH OF CONTRACT

13. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 13 of Count One of the Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Count One of the Amended Complaint, and avers that Plaintiff was an at will employee.

15. Defendant denies the allegations contained in paragraph 15 of Count One of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Count One of the Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Count One of the Amended Complaint.

## COUNT TWO

## GENDER DISCRIMINATION UNDER THE NJLAD

18. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 18 of Count Two of the Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Count Two of the Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Count Two of the Amended Complaint.

21. Defendant denies knowledge or information as to what Plaintiff believes her experiences to have been, but admits that all employees were listened to and engaged in a respectful and polite manner when discussing their financial compensation.

22. Defendant denies the allegations contained in paragraph 22 of Count Two of the Amended Complaint.

## COUNT THREE

## AGE DISCRIMINATION UNDER THE NJLAD

23. Paragraph 23 of Count Three of the Amended Complaint constitutes legal conclusions to which no answer is required.

24. Defendant denies the allegations contained in paragraph 24 of Count Three of the Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Count Three of the Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Count Three of the Amended Complaint.

## COUNT FOUR

## HOSTILE WORK ENVIRONMENT

27. Defendant repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 27 of Count Four of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Count Four of the Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Count Four of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Count Four of the Amended Complaint.

## **AFFIRMTIVE DEFENSES**

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

No employment contract, agreement or covenant, either verbal or written, express or implied, existed at any time between Plaintiff and Defendant.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's age and/or gender.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for hostile work environment is barred and/or any recovery of damages is precluded because the Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for hostile work environment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities or to avoid harm otherwise.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress, mental anguish, embarrassment and humiliation are not recoverable in a breach of contract action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred under the doctrine of unclean hands.

## COUNTERCLAIMS

Defendant, by way of counterclaim against the Plaintiff, states as follows:

### FIRST COUNT

### NJLAD CLAIM BROUGHT IN BAD FAITH

1. Plaintiff's claims asserted under the New Jersey Law Against Discrimination ("NJLAD"), have been brought in bad faith.

2. Therefore, upon prevailing, Defendant is entitled to be awarded its reasonable attorneys' fees and costs incurred in defending against this action, under N.J.S.A. 10:5-27.1.

### SECOND COUNT

### FRIVOLOUS COMPLAINT

3. Defendant repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

4. Plaintiff's claims asserted in her Amended Complaint are frivolous, fabricated and brought in bad faith solely for the purpose of causing malicious injury to Defendant and financial gain for Plaintiff.

5. Plaintiff's claims asserted in her Amended Complaint have been brought with knowledge that they have no basis.

6. Therefore, upon prevailing, Defendant is entitled to an award against Plaintiff for the payment of its attorneys' fees and costs incurred in defending against this Amended Complaint, pursuant to N.J.S.A. 2A:15-59.1.

## THIRD COUNT

## MALICIOUS ABUSE OF LEGAL PROCESS

7. Defendant repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

8. Plaintiff's acts in initiating and pursuing legal process against Defendant demonstrates a purpose ulterior to the purposes for which such legal process is intended.

9. Plaintiff's purpose is to coerce and oppress Defendant through her intentional malicious abuse of the legal process, without probable cause.

10. Therefore, Plaintiff is liable to Defendant for economic, compensatory and punitive damages for her malicious abuse of legal process, together with the payment of Defendant's attorneys' fees and costs incurred in defending against this Amended Complaint, and such other relief as the Court deems to be just and proper.

## FOURTH COUNT

## MALICIOUS PROSECUTION

11. Defendant repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

12. Plaintiff has maliciously brought this Amended Complaint against Defendant without probable cause supported by facts and circumstances sufficient to warrant a reasonable person to believe Defendant has committed the offenses alleged therein.

13. Plaintiff's malicious prosecution has caused Defendant to suffer actual and special damages, for which Plaintiff is liable.

14. Therefore, Plaintiff is liable to Defendant for economic, compensatory and punitive damages for their malicious prosecution, together with the payment of Defendant's

attorneys' fees and costs incurred in defending against this Amended Complaint, and such other relief as the Court deems to be just and proper.

                                              Respectfully submitted,

                                              JACKSON LEWIS P.C.
                                              220 Headquarters Plaza
                                              East Tower, 7th Floor
                                              Morristown, New Jersey 07960


                              By:    /s/ John F. Tratnyek
                                        John F. Tratnyek
                                        Attorneys for Defendant

Dated:  December 21, 2018
4842-7556-3897, v. 1