# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN KRANKOWSKI, | : |
| Plaintiff, | : |
| | : Civil Action No: 1:18-cv-13819-NLH-KMW |
| v. | : |
| | : **JOINT PROPOSED DISCOVERY PLAN** |
| AMERISOURCEBERGEN CORPORATION, | : |
| | : **Judge Noel L. Hillman** |
| Defendant. | : |

1.    Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |
|---|---|
| Benjamin Friedman, Esq. | John F. Tratnyek, Esq. |
| Law Offices of Benjamin Friedman | JACKSON LEWIS P.C. |
| One Greentree Centre | 220 Headquarters Plaza |
| 10000 Lincoln Drive East, Suite 201 | East Tower, 7th Floor |
| Marlton, New Jersey 08053 | Morristown, NJ 07960-6834 |
| Ph: 856.719.6600 | Ph: 973.538.6890 |
| Fax: 856.596.8359 | Fax: 973.540.9015 |
| Email: bfriedman@benfriedmanlaw.com | Email: John.Tratnyek@jacksonlewis.com |

2.    Set forth a brief description of the case, including the causes of action and defenses asserted. Plaintiff is a 53 year old woman who was terminated by defendant allegedly for engaging in a practice of negotiating the price of pharmaceuticals with purchasers. This practice was expressly authorized by defendant. Plaintiff was summarily fired for identical behavior that male salespersons engaged in. In addition, male employees are regularly given multiple warnings for similar infractions. Defendant engages in a pattern of forcing older workers out in order to replace them with younger workers t lower wages

Defendant denies Plaintiff's claims in their entirely. Specifically, Plaintiff was terminated for a legitimate business reason, namely, for lowering prices offered to clients on non-negotiable accounts. Plaintiff was previously warned that she could not reduce prices below those that were already agreed upon. Plaintiff's age and sex had nothing to do with her termination.

3.    Have settlement discussions taken place? Yes X        No

       (a) What was plaintiff's last demand?

               (1) Monetary demand: $ 18,500.00 _____
               (2) Non- monetary demand: _____

(b) What was defendant's last offer?

      (1) Monetary offer: $ 2,083.33 _____

      (2) Non- monetary offer: _____

4.     The parties [have _X_ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5.     The parties [have _X_ have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6.     Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)    None.

7.     The parties [have ___ have not _X_ ] conducted discovery other than the above disclosures. If so, describe.

8.     Proposed Joint Discovery Plan:

(a) Discovery is needed on the following subjects: Plaintiff's claims, Plaintiff's alleged damages, and Defendant's defenses.

(b) Discovery [should ___ should not _X_ ] be conducted in phases or be limited to particular issues. Explain.

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures Done _____.

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) February 6, 2019 _____.

(3) Service of initial written discovery February 28, 2019 _____.

(4) Maximum of _25_ Interrogatories by each party to each other party.

(5) Maximum of _10_ depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by April 22, 2019.

(7) Factual discovery to be completed by October 21, 2019.

(8) Plaintiff's expert report due on November 18, 2019.

(9) Defendant's expert report due on December 23, 2019.

(10) Expert depositions to be completed by January 24, 2019.

(11) Dispositive motions to be filed by <u>45 days after the completion of discovery</u>.

(d) Set forth any special discovery mechanism or procedure requested.

(e) A pretrial conference may take place on <u>45 days after decisions or all dispositive motions</u>.

(f) Trial date: <u>to be scheduled by the Court</u> (_X_ Jury Trial; _ Non- Jury Trial).

9.  Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____ No _X_.
    If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
    Yes _____ No _X_.
    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.
    Yes _X_ No ___.

12. Do you anticipate any discovery problem(s) not listed above? Describe.
    Yes _____ No _X_.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).      Yes.

14. Is this case appropriate for bifurcation? Yes _____ No _X_

15. An interim status/settlement conference (with clients in attendance), should be held in <u>after the exchange of written discovery</u>.

16. We [do _____ do not _X_ ] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    / Ben Friedman _____
    Attorney(s) for Plaintiff(s) / Date

    John Tratnyek _____
    Attorney(s) for Defendant(s) / Date

4829-9316-9800, v. 1

3